MID-WOOD, INC., APPELLEE, *v.* DIGBY, APPELLANT.

(No. WD-81-61—Decided April 2, 1982.)

*Mr. Thomas S. Middleton,* for appellee.

*Mr. James W. Childs,* for appellant.

*Per Curiam.* This cause comes on ap-

peal from a judgment rendered in favor of appellee by the Court of Common Pleas of Wood County.

Appellee filed a complaint asserting that appellant owed it money on an account. Appellant answered, claiming as defenses the Ohio Retail Installment Sales Act, *e.g.*, R.C. 1317.08, and the Federal Truth-in-Lending Act, Sections 1601 *et seq.*, Title 15, U.S. Code. Pursuant to a judgment entry of August 6, 1981, the trial court found in favor of appellee in the amount of $66,251.46. From said judgment, appellant now appeals.

Appellant's first assignment of error states that:

"I. The trial court denied defendant-appellant due process of law by not holding that R.C. Section 1317.08 (Retail Installment Sales Act) controlled so as to render the sales agreement between the parties unenforceable."

Appellant's contention is that the transactions between appellant and appellee are governed by the provisions of the Ohio Retail Installment Sales Act, R.C. Chapter 1317.

A transaction is not governed by R.C. Chapter 1317 unless the threshold definitional requirements are satisfied. R.C. 1317.01 provides:

"(A) 'Retail installment sale' includes every retail installment contract to sell specific goods, every consumer transaction in which the cash price may be paid in installments over a period of time, and every retail sale of specific goods to any person in which the cash price may be paid in installments over a period of time.

"* * *

"(E) 'Retail' means to dispose of specific goods to, or to acquire specific goods by, a person for use other than for purposes of resale.

"* * *

"(L) 'Retail installment contract' means any written instrument which is executed in connection with any retail installment sale and is required by section 1317.02 of the Revised Code or is authorized by section 1317.03 of the Revised Code, and includes all such instruments executed in connection with any retail installment sale.

"* * *

"(P) 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, except those transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, or between attorneys or physicians and their clients or patients, to an individual for purposes that are primarily personal, family, or household."

As the trial court correctly stated, the appellant's purchase of grain and services from appellee was not a purchase within the purview of the Retail Installment Sales Act; appellant did not purchase the goods in question as a consumer, but as a commercial farmer. Since the goods purchased by appellant were for use in a commercial farming business, they were not primarily for personal, family or household purposes, as required by R.C. 1317.01(P).

Appellant, however, argues that R.C. Chapter 1317 is applicable to the transactions at issue, because the goods purchased by appellant, supplies for his farming operation, were not for purposes of resale, and thus fall within the definition of "retail." R.C. 1317.01(E).

Appellant's argument is untenable for several reasons. First, the goods purchased by appellant were, in a sense, purchased for purposes of resale, because they were used to generate farm products which are offered for commercial sale in the marketplace. Second, the common understanding of the term "retail" contemplates a sale to a consumer. "Retail" is defined as follows: "To sell by small quantities, in broken lots or parcels, not in bulk, to sell direct to consumer." Black's Law Dictionary (4 Ed. 1975). Third, and most important, the legislature did not intend for R.C. Chapter 1317 to apply to the

type of commercial business operated by appellant. The trial court stated that to find that appellant was protected by R.C. Chapter 1317 would establish a precedent whereby the class of persons and transactions intended by the legislature to have the protection of the Retail Installment Sales Act would be vastly broadened without cause. While, technically, appellant may not have purchased the goods for resale, this court finds that the commercial nature of appellant's business precludes the application of R.C. Chapter 1317 to the facts of the instant case. Appellant's first assignment of error is found not well-taken.

Appellant's second assignment of error states that:

"II. The trial court denied defendant-appellant due process of law by not finding that the sales agreement between the parties was a violation of the Truth-in-Lending Act, Title 15 U.S.C., Section 1601 to 1666 (J)."

Appellant contends that the Truth-in-Lending Act is applicable to the facts of the instant case.

Without deciding whether Sections 1601 *et seq.*, Title 15, U.S. Code, apply to the facts of this case or whether a state court is the proper forum in which to litigate a claimed violation of the Federal Truth-in-Lending Act, this court agrees with the trial court that the transaction at issue in the instant case is exempted from the Act by Section 1603, Title 15, U.S. Code, which provides:

"(1) Credit transactions involving extensions of credit for business or commercial purposes, or to government or governmental agencies or instrumentalities, or to organizations.

"* * *

"(5) Credit transactions primarily for agricultural purposes in which the total amount to be financed exceeds $25,000."

If credit was extended to appellant, it was for business and commercial purposes exempted by Section 1603(1). In addition, the amount due and owing appellee by appellant was $58,925.94. Said amount was primarily for agricultural purposes, exceeded $25,000, and was, therefore, exempted by Section 1603(5).

In light of the foregoing, appellant's second assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done appellant, and the judgment of the Court of Common Pleas of Wood County is affirmed.

*Judgment affirmed.*

CONNORS, P.J., and BARBER J., concur.

DOUGLAS, J., concurs in judgment only.